RICHARD PAYNE & others vs. JAMES C. DAVIS.

Middlesex. Jan. 13. — Feb. 27, 1880. COLT & LORD, JJ., absent.

A., the owner of a parcel of land, leased it to a religious corporation, which, pursuant to the terms of the lease, erected a wooden building on the land, the sills of which were fastened to posts driven in the ground, and used it as a church. Afterwards some of the members of the corporation withdrew therefrom, and formed an unincorporated religious society, two of whom and A., without authority of the corporation, signed a cancellation on the back of the lease. After this, the unincorporated society made a verbal agreement with A., by which, on payment of a sum of money and delivery of certain notes, he agreed to sell them the church building. They then paid him the money and delivered the notes, and he went with a committee of the society to the building, and, putting his hand upon it, said it was theirs. Subsequently certain members of the corporation to which the land was leased broke the lock upon the building and entered the same, A. being present at the time, but not entering the building. Held, in an action by the members of the unincorporated society against A., containing a count in trespass and a count for the conversion of the building, that the plaintiffs had no such title in the building as to give them a right of action; that there was no evidence that A. took any part in the alleged trespass; and that there was no evidence of a conversion of the building by him.

TORT for forcibly breaking and entering a building, ejecting the plaintiffs therefrom, and depriving them of the use and occupation of the building, and for breaking the lock on the door thereof; with a count for the conversion of the building. Answer, a general denial.

Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court in substance as follows:

On July 1, 1875, the defendant, being then the owner of the land on which the building in question has since been erected, executed a lease of the land to a religious corporation in Cambridge, called "The Bethel African Methodist Episcopal Church," for the term of ten years, at a rent of $200 a year and taxes, with the privilege of purchasing the land at any time during the term for a certain sum, the lessee agreeing to erect upon the premises, within six months from the date of the lease, a building of the value of not less than $500. Pursuant to the terms of the lease, the lessee erected a wooden building, and used the same as a church. There was no cellar under the building, and it stood upon posts driven into the ground, to which the

sills were spiked. In January 1878, some of the members of the corporation, being dissatisfied, withdrew therefrom, and formed an unincorporated religious society, of which the plaintiffs were members. On January 31, 1878, Isaac Brown, the former treasurer of the lessee, and Richard Payne, its then treasurer, both seceders from the lessee and members of the new society, and the defendant, signed the following, on the back of the lease: " This lease is hereby cancelled and the premises are hereby surrendered to the lessor." This act was done by Brown and Payne without any vote of the corporation, and it did not appear that any authority was given to them to sign the alleged cancellation. On February 21, 1878, the defendant sent to the agents of the plaintiffs the following letter: " I hereby state that I am the owner of the church property at the corner of Portland and Hastings Street, heretofore occupied by the African Methodist Episcopal Church, and that I have given permission to the First Union Methodist Church of Cambridgeport to occupy said church, and no other parties have any right there."

The plaintiffs introduced evidence tending to show that, after receiving the letter, they made a verbal agreement with the defendant, by which, on payment of $100 and delivery of certain notes by the plaintiffs to the defendant, he agreed to sell them the building; that, after this agreement, they paid him the money and delivered the notes, and the defendant went with the committee of the plaintiffs to the building, and, putting his hand upon the same, said it was theirs; and that, at the same interview, the defendant verbally agreed to let the land upon which the building stood for $10 a month. The plaintiffs never held any services in the building, but they cleaned the same and put a sign upon it.

In March 1878, the defendant was present when certain members of the African Methodist Episcopal Society broke the lock upon the church and entered the same; but there was no evidence that the defendant entered the church, or had ever been in it. One witness testified that the defendant stood on the step which projected into the sidewalk; that subsequently, on the same day, the defendant told the plaintiffs that he had made a mistake, that he was sorry for what he had done, but that the

law compelled him to do it, and asked them for the key of the building, but they refused to give it to him; that, after this, the defendant offered to return to the plaintiffs the money and notes they had paid and delivered to him, but they refused to take them; and that the plaintiffs tendered the rent of the land to the defendant when due.

The judge, at the request of the defendant, ruled that, as matter of law, the plaintiffs, on this evidence, could not maintain their action on either count of the declaration; and found for the defendant. If the ruling was right, judgment was to be entered for the defendant; otherwise, a new trial was to be granted.

*F. W. Griffin*, for the plaintiffs.

*J. W. Hammond*, for the defendant.

AMES, J. We find no evidence in any of the facts reported in this bill of exceptions that the plaintiffs had any such title in the building as would enable them to maintain this action. The unauthorized attempt of certain seceders from the religious corporation to cancel the lease could have no effect to impair the rights of the lessee in the land or in the building. Until the lease had expired, or had become forfeited or duly cancelled, the defendant had no right to interfere with the lessee's use and enjoyment of the building, and of course could convey no such right to anybody else.

. But, even upon the assumption that the defendant, by undertaking to sell the building and receiving the price, is estopped to deny that his sale gave a valid title to the purchaser, it does not appear, upon the facts reported, that he took any part in the trespass alleged to have been committed by members of the religious corporation to which the land had been leased, and which had erected the building. His presence at the time was not conclusive proof that he was a trespasser, and we must infer that the court found that he was not. As to the count in trover, it is enough to say that there is no evidence that he converted the building to his own use. *Judgment for the defendant.*